UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BENSON KINNEY,

    Plaintiff,

v.                                                      Case No.:   2:23-cv-899-SPC-NPM

MARLETT, NOEL EMMANUEL
UNKNOWN OFFICER, and
UNKNOWN NURSE,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Benson Kinney's Complaint (Doc. 1). Kinney is a prisoner of the Florida Department of Corrections (FDOC), and he sues several FDOC officials under 42 U.S.C. § 1983. United States Magistrate Judge Nicholas Mizell granted Kinney leave to proceed *in forma pauperis*, so the Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Kinney's claims fall under two categories. First, he alleges Officer Marlett and an unnamed officer failed to buckle Kinney's seat belt when transporting him in a van. Kinney was thrown out of his seat, injuring his neck, head, back, and leg. The Court construes this claim as an Eighth Amendment conditions-of-confinement claim.

Courts apply a two-part analysis about conditions of confinement. A plaintiff must establish an objective component and a subjective component. "Under the objective component, the detainee must prove that the conditions are sufficiently serious to violate the Eighth Amendment: that is, he must show that 'extreme' conditions created an unreasonable risk—one that society chooses not to tolerate—of serious damages to the detainee's future health or safety." *Ellis v. Pierce Cty., Ga.*, 415 F. App'x 215, 217 (11th Cir. 2011) (cleaned up). Under the subjective component, the detainee must show deliberate indifference, which has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotations and citation omitted).

Kinney does not state a conditions-of-confinement claim here. The Eleventh Circuit considered a similar claim in *Smith v. Sec'y for Dep't of Corr.*, 252 F. App'x 301 (11th Cir. 2007). Smith alleged he was injured after being "thrown around" in a van because prison employees failed to fasten his seat belt. 252 F. App'x at 301. The Eleventh Circuit found that riding in van without a seat belt was not "a deprivation of the minimal measure of life's necessities" or "something that modern society would find intolerable." *Id.* at 304. It affirmed the district court's *sua sponte* dismissal of Smith's claim. Likewise, Kinney does "not allege a sufficiently risky condition" to satisfy the

3

objective component of a conditions-of-confinement claim. *Id.* Kinney may have a negligence claim under Florida law, but he must raise that claim in state court. He does not have a § 1983 claim against the officers.

The second category of claims in Kinney's Complaint alleges medical providers were deliberately indifferent to the injuries Kinney suffered during transport. In *Estelle v. Gamble*, the Supreme Court established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). But not every claim of inadequate medical treatment gives rise to an Eighth Amendment violation. *Id.* at 105. Negligence in diagnosis or treatment—even if it constitutes medical malpractice—does not necessarily violate the constitution. *Id.* at 106.

"To prevail on a claim of deliberate indifference to serious medical need in violation of the [Eighth] Amendment, a plaintiff must show: '(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury.'" *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir.2010) (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009)). In the Eleventh Circuit, "[a] serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that a lay person would easily recognize the

4

necessity for a doctor's attention.'" *Shaw v. Allen*, 701 F. App'x 891, 893 (11th Cir. 2017) (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)).

Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotation marks omitted). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Id.* But "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment does not support a claim of deliberate indifference." *Wilson v. Smith*, 567 F. App'x 676, 678 (11th Cir. 2014) (internal citation and quotation marks omitted). "Moreover, matters of medical judgment do not constitute deliberate indifference." *Id.* (citing *Estelle*, 429 U.S. at 107).

Kinney's allegations in this claim are threadbare. He alleges he complained about his injuries when he arrived at Lake Butler Reception Center, but an unnamed nurse refused to treat him until he declared an emergency. That is simply not enough detail to establish a serious medical need, deliberate indifference, or causation. Kinney also sues Dr. Emmanuel Noel, who works at DeSoto Correctional Institution. His allegations against

5

Noel a bit more specific, but they are contradictory. Kinney claims Noel prescribed him pain medication and a knee brace that he did not receive. But Kinney also claims Noel has ignored his complaints of pain. Again, Kinney has not provided enough detail here to state a claim.

Kinney's Complaint does not state a claim against any defendant. His allegations against the officers might support a claim in state court, but they do not amount to an Eighth Amendment violation. Amendment of those claims would be futile. Kinney might have a claim against Dr. Noel and the unnamed nurse, so the Court will allow him to file an amended complaint. Kinney should carefully review the elements of an Eighth Amendment claim described in this Order. An amended complaint will only survive preliminary review if the factual allegations state a plausible claim for deliberate indifference to serious medical need.

Accordingly, it is now

**ORDERED:**

Benson Kinney's Complaint (Doc. 1) is **DISMISSED without prejudice**. Kinney may file an amended complaint by **February 19, 2024**. **Otherwise, the Court will close this case and enter judgment without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on January 29, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record